UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

|  |  |  |
|---|---|---|
| NEW YORK LEGAL ASSISTANCE GROUP, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.   18-cv-9495 |
| BOARD OF IMMIGRATION APPEALS, | ) ) ) ) | |
| EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, | ) ) ) | |
| and | ) ) | |
| U.S. DEPARTMENT OF JUSTICE, | ) ) | |
| Defendants. | ) ) | |

_____

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1.      This action is brought under the Freedom of Information Act (FOIA) and, in the alternative, the Administrative Procedure Act (APA), challenging the Board of Immigration Appeals' failure to make publicly available final orders and opinions in cases it adjudicates, as required by 5 U.S.C. § 552(a)(2).

## JURISDICTION AND VENUE

2.      This Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C § 1391(e).

## PARTIES

3.      Plaintiff New York Legal Assistance Group (NYLAG) is a nonprofit organization in New York City that provides free legal services to low-income New Yorkers in the areas of

immigration, government benefits, family law, disability rights, housing law, special education, and consumer debt, among others.

4.      NYLAG is one of the largest immigrant services providers in New York City. NYLAG's Immigrant Protection Unit provides low-income immigrants with comprehensive legal services, including direct representation in removal proceedings and assistance with adjustment of status, family-based immigrant petitions, and humanitarian parole. NYLAG's Immigrant Protection Unit also provides immigrant community education, including know your rights presentations, substantive immigration trainings, and fraud awareness and prevention.

5.      Defendant U.S. Department of Justice (DOJ) is an agency of the United States government.

6.      Defendant Executive Office for Immigration Review (EOIR) is an agency of the United States government and a component of DOJ. *See* 8 C.F.R. § 1003.0(a).

7.      Defendant Board of Immigration Appeals (BIA) is an agency of the United States government and a component of EOIR and DOJ. *See* 8 C.F.R. § 1003.1(a)(1).

8.      Defendants have possession of and control over the records NYLAG seeks to have made publicly available under 5 U.S.C. § 552(a)(2).

## STATEMENT OF FACTS

**Statutory Background**

9.      FOIA requires agencies to make certain categories of records publicly available. Section 552(a)(2)(A) of FOIA provides that "[e]ach agency … shall make available for public inspection in an electronic format … final opinions, including concurring and dissenting opinions as well as orders, made in the adjudication of cases."

10.     According to DOJ, the "'public inspection' requirement is satisfied by providing the public with access to the designated documents automatically and without waiting for a FOIA request." DOJ, DOJ Guide to the Freedom of Information Act 12, https://www.justice.gov/sites/default/files/oip/legacy/2014/07/23/proactive-disclosures-2009.pdf (last visited Oct. 5, 2018).

11.     The APA, of which FOIA is a part, defines "adjudication" for purposes of the subchapter containing FOIA as an "agency process for the formulation of an order," and an "order" as "the whole or a part of a final disposition, whether affirmative, negative, injunctive, or declaratory in form of an agency in a matter other than rule making." 5 U.S.C. § 551(6)–(7). A document that "explains the reasons for the final disposition" of an adjudication is an "opinion." *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 159 (1975).

**The BIA's Adjudications**

12.     The BIA has jurisdiction to hear appeals from matters adjudicated by immigration judges and by district directors of the Department of Homeland Security in proceedings where one party is a noncitizen, a citizen, or a business entity, and the other party is the United States government. *See* 8 C.F.R. § 1003.1(b).

13.     The BIA's decisions are binding on the parties in the dispute, unless overturned by the Attorney General or a federal court. 8 C.F.R. § 1003.1(d)(7); 8 U.S.C. § 1252(a)(1).

14.     All final decisions in BIA adjudications are embodied in written opinions and/or orders.

15.     The BIA designates only some of its final decisions as binding precedent. A majority vote of the permanent BIA members is required to designate a BIA decision as binding precedent. 8 C.F.R. § 1003.1(g). Over the past decade, the BIA has voted to designate approximately thirty decisions each year as precedential. *See* DOJ, Administrative Decisions

Under Immigration & Nationality Laws, Vol. 24–27 at 2008–2017, https://www.justice.gov/ eoir/ag-bia-decisions. All of the BIA's precedential decisions are published and made publicly available. *See id*.

16.    The vast majority of the BIA's decisions are unpublished. Each year, the BIA issues over 30,000 unpublished decisions. EOIR, Fiscal Year 2016 Statistics Yearbook Q2 (Mar. 2017), https://www.justice.gov/eoir/page/file/fysb16/download (listing total number of completed BIA cases for fiscal years 2012, 2013, 2014, 2015, and 2016).

17.    Currently, the BIA has six unpublished decisions publicly available in an electronic format in its online electronic reading room: *Matter of Garcia-Merino* (BIA 2015), https://www.justice.gov/eoir/file/BIA6450/download; *Matter of Vitaglione* (BIA 2011), https:// www.justice.gov/sites/default/files/eoir/legacy/2012/06/12/BIA_decision_5-6-12.pdf; *Matter of L–A–B–R–* (BIA 2017), https://www.justice.gov/eoir/page/file/1050451/download; *Matter of* [Name Redacted] (BIA 2017), https://www.justice.gov/eoir/page/file/1051201/download; *Matter of* [Name Redacted] (BIA 2018), https://www.justice.gov/eoir/page/file/1051196/download; *Matter of A–B–* (BIA 2016), https://www.justice.gov/eoir/page/file/1052526/download. The first two decisions are identified as "Proactive Disclosures," *see* EOIR, Proactive Disclosures, https://www.justice.gov/eoir/proactive-disclosures (last visited Oct. 5, 2018), while the latter four decisions are identified as "Frequently Requested Agency Records," EOIR, Frequently Requested Agency Records, https://www.justice.gov/eoir/frequently-requested-agency-records (last visited Oct. 5, 2018).

18.    Thousands of unpublished BIA decisions are not made publicly available in an electronic format by the BIA.

4

19.     On information and belief, the BIA makes a small percentage of its unpublished decisions available in hard copy in a physical reading room located in Falls Church, Virginia, called the EOIR Law Library and Immigration Research Center. *See* EOIR, Library information and FAQs, https://www.justice.gov/eoir/library-faqs (last visited Oct. 5, 2018).

20.     Some commercial databases—Westlaw and LexisNexis—as well as at least one immigration law firm—Immigrant & Refugee Appellate Center—travel to the EOIR law library to copy unpublished decisions available there and provide access to those decisions for a fee. *See, e.g.*, Immigrant & Refugee Appellate Center, Index of Unpublished Decisions of the Board of Immigration Appeals (2018 edition), http://www.irac.net/unpublished/index/ (last visited Oct. 5, 2018).

21.     On information and belief, the BIA and immigration judges have access to all unpublished BIA decisions, regardless of their availability to the public.

22.     On information and belief, attorneys representing the government before the BIA and immigration judges have access to all unpublished BIA decisions, regardless of their availability to the public.

23.     A party to an EOIR proceeding is permitted to cite an unpublished BIA decision so long as the party provides either a copy of the decision or the alien registration number and decision date of the decision relied upon. EOIR, *BIA Appeals Practice Manual* § 1.4(d)(ii) (2018), https://www.justice.gov/sites/default/files/pages/attachments/2018/03/23/practicemanualfy2018.pdf.

24.     Both the BIA and immigration judges cite unpublished decisions, regardless of their public availability. *See, e.g.*, *Matter of A–*, 9 I. & N. Dec. 302, 310 (BIA 1961) (holding that unpublished decisions may reflect "established administrative practice" and "cannot be ignored").

**NYLAG's FOIA Request**

25.     On June 8, 2018, NYLAG submitted a FOIA request to the BIA under 5 U.S.C.

§ 552(a)(2), requesting that the BIA make publicly available in its online electronic reading room

"All nonpublished decisions of the BIA (including concurring and dissenting opinions) from

November 1, 1996, through the present." NYLAG further requested that the BIA "make all future

nonpublished decisions (including concurring and dissenting opinions) publicly available in its

online electronic reading room."

26.     By letter dated June 8, 2018, EOIR acknowledged receipt of NYLAG's request.

EOIR stated that NYLAG's request involved "unusual circumstances" under 5 U.S.C.

§ 552(a)(6)(B) because the request "either requires the collection of records from field offices, or

involves a search for numerous records that will necessitate a thorough and wide-ranging search

at headquarters," and, on that basis, EOIR invoked a ten working-day extension of its time to

respond under § 552(a)(6)(B).

27.     By email dated July 13, 2018, EOIR stated NYLAG's request was "overbroad" and

did not allow EOIR "to perform a 'reasonable search' under the FOIA." EOIR further stated it had

already redacted for release unpublished BIA decisions from October 2015 to December 2016 and

was in the process of redacting 2017 unpublished BIA decisions. EOIR explained that, if NYLAG

would agree to narrow the scope of its request, EOIR would "expeditiously" provide to NYLAG

"all the decisions [EOIR] ha[s] already redacted for 2015-2017," and further that EOIR would

provide "additional decisions as they are redacted … upon future request."

28.     On July 17, 2018, NYLAG responded that it would not agree to narrow its FOIA

request. NYLAG again explained that its request was for the electronic public posting of

unpublished BIA decisions under 5 U.S.C. § 552(a)(2), not for the production of unpublished BIA

decisions to NYLAG under 5 U.S.C. § 552(a)(3). NYLAG noted it was willing to work with EOIR to establish a reasonable timeline for the electronic posting of the unpublished BIA decisions, but that the process of developing a timeline should not delay the agency's determination as to whether to grant or deny NYLAG's request.

29.     By letter dated August 8, 2018, EOIR denied NYLAG's FOIA request. EOIR stated that because "there are no published rules defining decisions by the BIA as 'final opinions' or 'orders,'" § 552(a)(2) does not apply to the BIA's decisions. EOIR further stated that "the remedy for members of the public wishing to access records not published pursuant to 5 U.S.C. § 552(a)(2) is to request the records under 5 U.S.C. § 552(a)(3)." EOIR also again asserted that NYLAG's request was overbroad. The letter concluded by informing NYLAG of its right to appeal.

30.     On September 11, 2018, NYLAG submitted an administrative appeal of EOIR's denial of its FOIA request. Specifically, NYLAG explained that the BIA's decisions were subject to § 552(a)(2), that FOIA requesters may submit requests under § 552(a)(2) seeking electronic public posting of records, and that NYLAG's request was not overbroad.

31.     More than twenty working days have passed since NYLAG submitted its administrative appeal. NYLAG has not received a determination of its appeal under 5 U.S.C. § 552(a)(6)(A)(ii), and defendants have not made the responsive records publicly available in an online electronic reading room.

32.     Defendants' failure to make all unpublished decisions of the BIA publicly available in an online electronic reading room deprives NYLAG of access to information to which it has a statutory entitlement.

33.     Defendants' failure to make all unpublished decisions of the BIA publicly available in an online electronic reading room also impairs and will continue to impair NYLAG's ability to

represent clients in immigration proceedings, as NYLAG will not have access to all unpublished decisions that should be available to support the claims of NYLAG's clients. The fact that the BIA, immigration judges, and government attorneys have access to those same unpublished BIA decisions, while NYLAG does not, provides an information advantage to the government that further harms NYLAG's ability to represent clients in immigration proceedings.

## FIRST CAUSE OF ACTION
### (FOIA – Failure to Make Records Publicly Available)

34.     NYLAG has exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

35.     The BIA's unpublished decisions provide written explanations for final dispositions of cases on appeal, and the decisions are accompanied by orders that determine rights and obligations of the parties and that are binding on remand for immigration judges or other inferior officers.

36.     Accordingly, the BIA's unpublished decisions are "final opinions" and/or "orders" within the meaning of 5 U.S.C. § 552(a)(2)(A).

37.     Defendants have a statutory obligation under 5 U.S.C. § 552(a)(2) to make the requested records available for public inspection in an electronic format, and there is no legal basis for defendants' failure to do so.

## SECOND CAUSE OF ACTION
### (APA)

38.     The APA provides persons aggrieved by final agency action, including an agency's failure to act, with a right to judicial review of such action. 5 U.S.C. §§ 702, 704. The APA authorizes this Court to "compel agency action unlawfully withheld or unreasonably delayed," 5

U.S.C. § 706(1), and to set aside agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

39.     The BIA's unpublished decisions are "final opinions" and/or "orders" within the meaning of 5 U.S.C. § 552(a)(2)(A), and defendants have a nondiscretionary statutory obligation under 5 U.S.C. § 552(a)(2) to make unpublished decisions available for public inspection in an electronic format.

40.     Defendants' decades-long practice of failing to act to make the BIA's unpublished decisions available for public inspection in an electronic format as required by law constitutes final agency action.

41.     NYLAG is a person aggrieved by defendants' failure to make BIA decisions available to the public in electronic format.

42.     Defendants have unlawfully withheld and unreasonably delayed action to make all unpublished BIA decisions available for public inspection in an electronic format.

43.     Defendants' failure to make all unpublished BIA decisions available for public inspection in an electronic format is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

### PRAYER FOR RELIEF

WHEREFORE, NYLAG respectfully requests that this Court:

(A)     Declare that defendants' failure to make publicly available in an electronic format all unpublished decisions of the BIA is unlawful;

(B)     Order defendants to make all unpublished decisions of the BIA from November 1, 1996, through the present publicly available in an electronic format through posting these decisions in an online electronic reading room;

(C)     Order defendants to make all future unpublished decisions of the BIA publicly

available in an electronic format through posting these decisions in an online

electronic reading room;

(D)     Award NYLAG its costs, expenses, and reasonable attorneys' fees; and

(E)     Grant such other and further relief as this Court may deem just and proper.

Dated: October 17, 2018                    Respectfully submitted

                                           /s/ Patrick D. Llewellyn
                                           **PATRICK D. LLEWELLYN**\*
                                           Public Citizen Litigation Group
                                           1600 20th Street NW
                                           Washington, DC 20009
                                           (202) 588-7727
                                                   \*Pro hac vice pending

                                           **BETH E. GOLDMAN, ESQ.**
                                           New York Legal Assistance Group
                                           7 Hanover Square, 18th Floor
                                           New York, New York 10004
                                           (212) 613-5000

                                           **DANIELLE TARANTOLO**, of Counsel
                                           **JANE GREENGOLD STEVENS,** of Counsel

                                           Attorneys for Plaintiff