**EXHIBIT F**



**U.S. Department of Justice**
Office of Information Policy
*Suite 11050*
*1425 New York Avenue, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

Mr. Daniel E. Ocampo
New York Legal Assistance Group
7th Floor
7 Hanover Square
New York, NY 10004
docampo@nylag.org

Re:    Appeal No. DOJ-AP-2018-008285
        Request No. 2018-35171
        MWH:JKD

**VIA:  FOIAonline**

Dear Mr. Ocampo:

      You appealed from the action of the Executive Office for Immigration Review (EOIR) on your request that EOIR make publicly available all nonpublished decisions of the Board of Immigration Appeals (BIA) from November 1, 1996 through the present, and all future nonpublished decisions.  I note that your appeal concerns EOIR's full denial of the requested records.

      After carefully considering your appeal, I am affirming, on partly modified grounds, EOIR's action on your request.  A recent court decision held that a FOIA requester cannot mandate that an agency proactively post records pursuant to (a)(2), but a requester can itself receive releasable (a)(2) records from an agency under that provision, even if the agency has not proactively posted the records.  See CREW v. DOJ, 846 F.3d 1235 (D.C. Cir. 2017).  Having said that, to the extent that you are asking EOIR to produce these records to you directly, a proper Freedom of Information Act request for records must reasonably describe the records sought.  See 5 U.S.C. § 552(a)(3)(A).  While many BIA opinions can be located, many other BIA opinions are located in the individual Records of Proceedings for particular immigration cases.  Over a twenty-two year time period there are hundreds of thousands of such immigration files, if not more.  Courts have consistently held that the Freedom of Information Act does not require agencies to conduct "unreasonably burdensome" searches for records.  See, e.g., Nation Magazine v. U.S. Customs Serv., 71 F.3d 885, 892 (D.C. Cir. 1995).  If you would like to narrow the scope of NYLAG's request, please contact EOIR directly to discuss which BIA opinions could be more readily located.

      Regarding the portion of the request for all future nonpublished decisions, please be advised that the FOIA provides a right of access to agency records that exist and can be located in federal agency files.  The FOIA does not require agencies to create new records in response to a FOIA request, but rather is limited to requiring agencies to provide access to reasonably

- 2 -

described, nonexempt records that already exist. See Students Against Genocide v. Dep't of State, 257 F.3d 828, 837 (D.C. Cir. 2001). You are, of course, welcome to make FOIA requests in the future for any future BIA appeals that have been decided at that time.

Please be advised that this Office's decision was made only after a full review of this matter. Your appeal was assigned to an attorney with this Office who thoroughly reviewed and analyzed your appeal, the underlying request, and the action of EOIR in response to your request.

If you are dissatisfied with my action on your appeal, the FOIA permits you to file a lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B).

For your information, the Office of Government Information Services (OGIS) offers mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your right to pursue litigation. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; email at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769. If you have any questions regarding the action this Office has taken on your appeal, you may contact this Office's FOIA Public Liaison for your appeal. Specifically, you may speak with the undersigned agency official by calling (202) 514-3642.

Sincerely,

2/19/2019

X _____

Sean R. O'Neill
Chief, Administrative Appeals Staff
Signed by: SEAN O'NEILL