UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NEW YORK LEGAL ASSISTANCE GROUP,

Plaintiff,

-against-

BOARD OF IMMIGRATION APPEALS,
EXECUTIVE OFFICE FOR IMMIGRATION
REVIEW, and UNITED STATES DEPARTMENT
OF JUSTICE,

Defendants.

No. 18 Civ. 9495 (PAC)

## STIPULATION OF SETTLEMENT

This Stipulation of Settlement ("Stipulation") is entered into by and between the New York Legal Assistance Group ("Plaintiff") and defendants Board of Immigration Appeals ("BIA"), Executive Office for Immigration Review ("EOIR"), and United States Department of Justice ("Defendants" and, together with Plaintiff, the "Parties").

WHEREAS, Plaintiff submitted a request pursuant to the Freedom of Information Act ("FOIA") on June 8, 2018 seeking that the BIA make publicly available in electronic form all unpublished BIA decisions issued after November 1, 1996;

WHEREAS, EOIR formally denied Plaintiff's FOIA request on August 8, 2018;

WHEREAS, Plaintiff filed this action on October 17, 2018, contesting Defendants' denial of its FOIA request;

WHEREAS, this Court granted Defendants' Motion to Dismiss on August 13, 2019;

1

WHEREAS, on February 5, 2021, the United States Court of Appeals for the Second Circuit vacated the Judgment in favor of Defendants and remanded the action to this Court for further proceedings consistent with its opinion;

WHEREAS, the Parties desire to settle this matter without the need for further litigation; and

WHEREAS, the Parties have agreed to the entry of this Stipulation;

IT IS NOW, HEREBY, STIPULATED AND AGREED, by and among the Parties to this action, and IT IS NOW, HEREBY, ORDERED, AND DECREED, by this Court, as follows:

1. **Definitions.** The following definitions apply for purposes of this Stipulation:

   a. **BIA Decisions** means all "final opinions" and "orders" within the meaning of 5 U.S.C. § 552(a)(2)(A) issued by the BIA in appeals from decisions of Immigration Judges and Department of Homeland Security district directors, including, for purposes of this stipulation, opinions and orders from the BIA remanding cases ("Remands"). For purposes of this Stipulation, the term "BIA Decisions" does not include orders, decisions, or opinions with respect to interlocutory appeals taken to the BIA.

   b. **Electronic Reading Room** means a website where Defendants make BIA Decisions available for public inspection in an electronic format pursuant to 5 U.S.C. § 552(a)(2).

   c. **Fiscal Year** means a year starting on October 1 of a particular year and concluding on September 30 of the following year.

   d. **Fiscal Year Quarter** means one quarter of the fiscal year, as follows:

      i. First Quarter: October through December;

2

      ii.  Second Quarter: January through March;

     iii.  Third Quarter: April through June; and

     iv.  Fourth Quarter: July through September.

e.  **Future BIA Decisions** means all BIA Decisions with an Issue Date on or after October 1, 2022.

f.  **Interim FY22 BIA Decisions** means all BIA Decisions with an Issue Date on or after January 1, 2022, and prior to October 1, 2022 (the end of Fiscal Year 2022).

g.  **Issue Date** means the date on which the BIA issues a decision.

h.  **Past BIA Decisions** means all BIA Decisions with Issue Dates that are on or after January 1, 2017, and prior to January 1, 2022.

i.  **Pilot Project BIA Decisions** means all BIA Decisions that were part of the "pilot project" involving the redaction and release of certain unpublished BIA Decisions, operated by EOIR from April 1 to November 30, 2016 and referenced in ¶ 5 of the Declaration of Joseph R. Schaaf, ECF No. 34.

2.  **Establishment of an Electronic Reading Room.** By October 15, 2022, Defendants will establish an Electronic Reading Room through which unpublished BIA Decisions will be posted and made available to the public. By October 15, 2022, Defendants will have in place all requirements necessary to begin posting, including, without limitation, software and staffing resources.

3.  **Schedule for Posting Interim FY22 BIA Decisions**

a.  By no later than January 15, 2023, Defendants will begin posting Interim FY22 BIA Decisions on a rolling basis in the Electronic Reading Room.

b.  Defendants will post all Interim FY22 BIA Decisions in the Electronic
Reading Room by July 15, 2023.

4.  **Schedule for Posting Future BIA Decisions**

a.  Defendants will post all BIA Decisions with an Issue Date in Fiscal Year 2023
in the Electronic Reading Room as follows:

i.  Defendants will post all BIA Decisions with an Issue Date between
October 1, 2022, and December 31, 2022 (*i.e.*, decisions issued during
the first quarter of fiscal year 2023), by October 15, 2023;

ii.  Defendants will post all BIA Decisions with an Issue Date between
January 1, 2023, and March 31, 2023 (*i.e.*, decisions issued during the
second quarter of fiscal year 2023), by January 15, 2024;

iii.  Defendants will post all BIA Decisions with an Issue Date between
April 1, 2023, and June 30, 2023 (*i.e.*, decisions issued during the third
quarter of fiscal year 2023), by April 15, 2024; and

iv.  Defendants will post all BIA Decisions with an Issue Date between
July 1, 2023, and September 30, 2023 (*i.e.*, decisions issued during the
fourth quarter of fiscal year 2023), by July 15, 2024.

b.  Defendants will post Future BIA Decisions for Fiscal Years 2024, 2025, and
2026 in accordance with the timeline set forth in Paragraph 4.a—specifically,
on a quarterly basis with publication of opinions for the given Fiscal Year
being completed by July 15 of the following calendar year.  Specifically, all
BIA Decisions from Fiscal Year 2024 will be published by July 15, 2025,
with interim publication dates of October 15, 2024; January 15, 2025; and

April 15, 2025. All BIA Decisions from Fiscal Year 2025 will be published by July 15, 2026, with interim publication dates of October 15, 2025; January 15, 2026; and April 15, 2026. All BIA Decisions from Fiscal Year 2026 will be published by July 15, 2027, with interim publication dates of October 15, 2026; January 15, 2027; and April 15, 2027.

c. For Fiscal Year 2027, Defendants will publish Future BIA Decisions issued during that year on a quarterly basis with publication of opinions for Fiscal Year 2027 being completed by April 15, 2028, with interim publication dates of July 15, 2027, October 15, 2027, and January 15, 2028, for decisions issued during the first, second and third quarters, respectively, of Fiscal Year 2027.

d. Beginning with Fiscal Year 2028 (and continuing thereafter) Defendants will publish Future BIA Decisions within six months of the date that a given Future BIA Decision is issued. The exact date by which Future BIA Decisions are published is within the sole discretion of Defendants, so long as the Future BIA Decisions are published within six months of the date that they are issued. By way of example, if a Future BIA Decision is issued on January 1, 2028, it will be published no later than July 1, 2028.

e. In the event Defendants fail to meet publication dates contained within Paragraph 4, Defendants shall have 60 days to cure this breach. To the extent Defendants cannot cure this breach, then either party may raise this issue pursuant to Paragraph 8(d). Additionally, to the extent Plaintiff believes that Defendants are not operating in good faith with respect to its obligations pursuant to Paragraph 4 (for example, but without limitation, by repeatedly

5

relying upon the cure provision contained herein), then it may raise this issue pursuant to Paragraph 8(d).

5. **Schedule for Posting Past BIA Decisions and Pilot Project BIA Decisions**

   a. By no later than April 15, 2023, Defendants will post all Pilot Project BIA Decisions in the Electronic Reading Room.

   b. By no later than July 15, 2024, Defendants will begin to post Past BIA Decisions on a rolling basis in the Electronic Reading Room.

   c. Following July 15, 2024, Defendants will post additional Past BIA Decisions in the Electronic Reading Room by the end of each month.

   d. Defendants will post 50% of all Past BIA Decisions by July 15, 2026. Defendants will complete posting all Past BIA Decisions by no later than July 15, 2027.

6. **Exclusions from BIA Decisions to be Posted.** With respect to Defendants' obligations to post BIA Decisions in accordance with Paragraphs 3, 4, and 5, Defendants shall be obligated to post all BIA Decisions *except* the following:

   a. Any designated precedential decision available online at https://www.justice.gov/eoir/ag-bia-decisions;

   b. Decisions which, even with reasonable redactions, may put the Respondent at risk of his/her identity being revealed, which typically include situations in which the name of an indigenous or ethnic group, country, language, etc., occurs less than three times in EOIR's CASE database;

   c. Decisions for which disclosure would violate 8 U.S.C. 1367(a)(2);

6

d. With respect to Past BIA Decisions only, decisions that are not available in electronic format (i.e. decisions that are available only in hard copies);

e. BIA orders, decisions, or opinions with respect to interlocutory appeals;

f. With respect to any BIA Decision that Defendants believe must be withheld, but is not specifically enumerated as an exclusion herein, the Parties shall follow the meet-and-confer mechanism established by Paragraph 8.d.

7. **Reporting of Completion of Settlement Obligations and Excluded Decisions.**

a. First Report: Within thirty days of October 15, 2022, Defendants shall report to Plaintiff whether the Electronic Reading Room has been established and whether Defendants have in place all requirements necessary to begin posting BIA Decisions, in accordance with their obligation under Paragraph 2.

b. Annual Reports: By thirty days after the end of each Fiscal Year for Fiscal years 2023 through 2027, inclusive, Defendants shall report to Plaintiff:

   i. The total number of BIA Decisions posted in the fiscal year;

   ii. The number of BIA Decisions posted in the fiscal year for each of the following categories: Interim FY22 BIA Decisions, Pilot Project Decisions, Past BIA Decisions, Future BIA Decisions;

   iii. The total number of BIA Decisions that, during the Fiscal Year, were excluded from posting in the Electronic Reading Room pursuant to Paragraphs 6(b) and 6(c);

   iv. Whether Defendants have completed posting all decisions for any of the above-listed categories (*i.e.*, Interim FY22 BIA Decisions, Pilot Project Decisions, Future BIA Decisions, Past BIA Decisions); and

   v. Whether Defendants expect to meet their remaining obligations under Paragraphs 4 and 5.

  c. Defendants shall provide reports to Plaintiff via email to dtarantolo@nylag.org and snelson@citizen.org (or their designee).

8. **Dismissal and Retention of Jurisdiction.**

  a. As of the date that the Court endorses this Stipulation, and in consideration for the covenants and undertakings of Defendants set forth in this Stipulation:

   i. this action shall be dismissed at Plaintiff's request subject to the terms of this Stipulation pursuant to Federal Rule of Civil Procedure 41(a)(2); and

   ii. The relief provided by Defendants in this Stipulation fully resolves any and all claims that Plaintiff now has or may hereinafter acquire against Defendants or the United States of America (the "United States"), or any department, agency, officer, or employee of Defendants and/or the United States, related to or arising out of Plaintiff's June 8, 2018, FOIA request, except: (i) for any claims for attorneys' fees and costs by Plaintiff under 5 U.S.C. § 552(a)(4)(E); or (ii) any claim that Defendants have breached a provision of this Stipulation.

  b. The parties agree that this Stipulation will not be used as evidence or otherwise in any pending or future civil or administrative action against Defendants, the United States, or any agency or instrumentality of the United States.

8

c.  The Court shall retain jurisdiction for the purpose of enforcing the terms of this Stipulation.

d.  In the event that Plaintiff asserts that Defendants have breached any aspect of this Stipulation, Plaintiff shall provide Defendants with written notice emailed to alexander.hogan@usdoj.gov; written notice via mail to Attn: Chief of the Civil Division, United States Attorney's Office, 86 Chambers Street, Third Floor, New York, NY 10007; and written notice via mail to Jill Anderson, General Counsel, Executive Office for Immigration Review, Office of the General Counsel, 5107 Leesburg Pike, Suite 2600, Falls Church, VA 22041. In the event that Defendants assert that they cannot comply with any aspect of this Stipulation, for example, without limitation, because of limitations on resources or information technology, Defendants shall provide Plaintiff with written notice emailed to dtarantolo@nylag.org and snelson@citizen.org (or their designee). In either event, the parties shall confer to resolve the issue raised in the notice. If the parties are unable to resolve the issue within sixty days after the notice, or such time thereafter as is mutually agreed upon, then any party may seek judicial intervention.  Upon seeking such judicial intervention, Plaintiff may allege that Defendants have breached a provision of this Stipulation and seek its enforcement. Defendants may argue that they have not breached the Stipulation and/or seek to modify any provision of this Stipulation if good cause is demonstrated. To the extent Plaintiff believes that Defendants are not operating in good faith with respect to any obligations

under this Stipulation, Plaintiff may seek to modify any provision of this Stipulation if good cause is demonstrated.

9. **Attorneys' Fees.** Plaintiff reserves the right to file a claim for fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E), and Defendants reserve their right to oppose any such application. Plaintiff's Counsel shall make any such request for fees within ninety days of the date this stipulation is granted approval by the Court. The Court shall retain jurisdiction to resolve any fee application.

10. **Non-Admission.** This Stipulation shall not constitute an admission of liability or fault on the part of Defendants or the United States or their agents, servants, or employees, and is entered into by both parties for the sole purpose of compromising disputed claims and avoiding the undue burden that would otherwise arise from Defendants' publication of BIA Decisions. Moreover, while Defendants are producing Remands as part of this Stipulation in their discretion, the production of Remands is not meant to indicate that Defendants concede that Remands are "final opinions" and/or "orders" within the meaning of 5 U.S.C. § 552(a)(2)(A). Likewise, Plaintiff does not concede that orders, decisions, or opinions with respect to interlocutory appeals taken to the BIA are not "final opinions" and/or "orders" within the meaning of 5 U.S.C. § 552(a)(2)(A).

11. **Binding Agreement.** This Stipulation shall be of no force and effect unless and until it is granted approval by the Court. Upon entry by the Court, this Stipulation is final and binding upon the Parties, their successors, and their assigns.

Agreed to as of this 7th day of February, 2022.

PUBLIC CITIZEN LITIGATION GROUP

Scott L. Nelson
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
202-588-1000

NEW YORK LEGAL ASSISTANCE GROUP
BETH GOLDMAN, ESQ.

By:

Danielle Tarantolo, of counsel
Jessica Ranucci, of counsel
100 Pearl Street, 19th Floor
New York, NY 10004
Telephone: (212) 613-6551

*Attorneys for Plaintiff*

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By:

Alexander J. Hogan
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.   (212) 637-2799

*Attorney for Defendants*

SO ORDERED.

HON. PAUL A. CROTTY
United States District Judge

Dated:
New York, New York

11